# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CAROLINE DANETTE GRANT and CKELSEY DESHAUN GRANT, <br><br> Plaintiffs, <br><br> v. <br><br> BRIDGE HOMES - ATLANTA, <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO. 1:24-cv-2140-TCB |

# **O R D E R**

This case comes before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e).

The Court must dismiss an *in forma pauperis* complaint if it determines that "(i) it is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's

realistic chances of ultimate success are slight," *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

On May 16, 2024, Plaintiffs Caroline Danette Grant and Ckelsey Deshaun Grant removed this case from the Clayton County Magistrate Court to this Court. Based on a of review of the available record, the Court remands the case back to the Clayton County Magistrate Court. *See Sinclair v. Auto-Owners Ins. Co.*, 22 F. Supp. 3d 1257, 1263 (N.D. Ga. 2014) ("A district court may remand a case sua sponte . . . if [it] determines that it lacks subject matter jurisdiction.")

First, only a defendant has the power to remove a case from state to federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court *by the defendant.*" (emphasis added)). Here, the Plaintiffs filed the notice of removal, so the removal is procedurally defective. However, the Court notes that Defendant could acquiescence to this procedural defect and further notes that this defect is not the basis for its remand. *See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d

1317, 1318 (11th Cir. 2001) (holding that a district court cannot *sua sponte* remand a case due to a defect in the removal procedure).

The Court *sua sponte* remands this action back to state court because it lacks subject-matter jurisdiction. The district court can hear actions that arise out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, both parties appear to be citizens of Georgia, *see* [3] at 11, so subject-matter jurisdiction based on diversity jurisdiction is unavailable.

The Court also lacks federal question jurisdiction. Plaintiffs assert claims under state law for breach of contract. *See id.* Plaintiffs appear to attempt to add claims under the Toxic Substances Control Act ("TSCA") in their notice of removal, but such addition is improper at this stage. *See* FED. R. CIV. P. 15. Because more than twenty-one days have passed since Plaintiffs served their complaint, they may only amend their complaint "with the opposing party's written consent or the

court's leave." *Id.* Plaintiffs have obtained neither and therefore assert only state-law claims.

For the foregoing reasons, rather than dismissing the complaint, the Court remands the case to the Clayton County Magistrate Court, where the case is set for a bench trial on June 11, 2024. The Clerk is directed to close this case and remand this case to the Clayton County Magistrate Court.

IT IS SO ORDERED this 17th day of May, 2024.

_____
Timothy C. Batten, Sr.
Chief United States District Judge